# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| WEBB WHEEL PRODUCTS, INC. | : |
| Plaintiff, | : |
| v. | : Court No. 25-00207 |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT"), Plaintiff, Webb Wheel Products, Inc. (hereinafter "Plaintiff" or "Webb"), by and through its attorneys, allege herein as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest a portion of the U.S. Department of Commerce's ("Commerce") final affirmative antidumping determination covering Certain Brake Drums from the People's Republic of China ("China"). *See Certain Brake Drums from the People's Republic of China,* 90 Fed. Reg. 26011 (Dep't Commerce June 18, 2025) ("Final Determination"), and accompanying Issues and Decision Memorandum (Dep't Commerce June 13, 2025) ("Final IDM"); *see also Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Antidumping Duty Orders*, 90 Fed. Reg. 38730 (Dep't Commerce Aug. 12, 2025) ("AD Order").

**JURISDICTION**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 19 U.S.C. § 1516a(a)(2)(B)(i).

**STANDING**

3. Plaintiff Webb Wheel Products, Inc. is a manufacturer, producer, or wholesaler in the United States of the domestic like product, brake drums. Plaintiff was the Petitioner in the underlying antidumping investigation and thus actively participated in that proceeding. Thus, Plaintiff is an "interested party" within the meaning of 19 U.S.C. § 1677(9)(C), and Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF ACTION**

4. Commerce's final determination was published in the *Federal Register* on June 18, 2025. Final Determination at 26011. The resulting AD Order was published in the *Federal Register* on August 12, 2025. AD Order at 38730. Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i), Plaintiff commenced this action by timely filing a Summons with this Court 30 days thereafter on September 11, 2025 (*see* ECF No. 1, dated Sept. 11, 2025), and is now filing its Complaint within thirty days after filing of the Summons.[1] Accordingly, this action is timely in accordance with 28 U.S.C. § 2636(c) and within the time limits specified in 19 U.S.C. §1516a(a)(2)(A)(i)(II) and United States Court of International Trade Rule 3(a)(2).

---

[1] CIT Rule 6(a)(1)(C) states that the calculation of a 30 day filing period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." CIT Rule 6(a)(6)(A) specifies that Columbus Day, October 13, 2025, is a legal holiday. As the original filing deadline fell on a weekend, and the following Monday was a legal holiday, this submission is timely filed.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. Commerce initiated the investigation of *Certain Brake Drums From the People's Republic of China* on July 10, 2024, following receipt of an antidumping petition filed with Commerce and the U.S. International Trade Commission on June 20, 2024. *See Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Initiation of Less-Than-Fair-Value Investigations*, 89 Fed. Reg. 58116 (Dep't Commerce July 17, 2024).

6. Commerce then selected Shandong ConMet Mechanical Co., Ltd. ("Shandong ConMet") as one of two mandatory respondents to examine individually. *Certain Brake Drums From the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination and Extension of Provisional Measures*, 90 Fed. Reg. 8383 (Dep't Commerce Jan. 29, 2025) ("Preliminary Determination"), and accompanying Decision Memorandum (Dep't Commerce Jan. 23, 2025). *See also* Letter from Samuel Frost, International Trade Compliance Analyst, U.S. Dep't of Commerce to The File, re: *Surrogate Values for the Preliminary Determination* (Jan. 23, 2025) ("Prelim SV Memo").

7. To determine whether "merchandise is being, or is likely to be, sold in the United States at less than its fair value," Commerce must calculate an antidumping duty that reflects the amount by which the normal value (the price a producer charges in its home market) exceeds the export price (the price of the product in the United States). 19 U.S.C. § 1673(1). When the investigation involves a non-market economy such as China, Commerce calculates normal value "on the basis of the value of the factors of production utilized in producing the merchandise," commonly referred to as "surrogate values" ("SV"). 19 U.S.C. § 1677b(c)(1). The statute directs Commerce to value the factors of production "based on the best available information regarding

3

the values of such factors in a market economy country or countries considered to be appropriate by" Commerce. *Id.*

8.  As part of Shandong ConMet's response to Section D of Commerce's questionnaire concerning the company's cost to produce subject merchandise, it reported consumption of "recarburizing agent" that it defined in terms lacking sufficient detail to accurately identify the product. *See* Letter from Matthew R. Nicely, Akin Gump Strauss Hauer & Feld LLP, to the U.S. Dep't of Commerce, re: *Response to the Section D of the Department's Initial Questionnaire* at Exhibit D-6 (Oct. 17, 2024) ("Shandong ConMet Section D"). By comparison, it submitted highly detailed descriptions of its other inputs. *See* Shandong ConMet Section D at Exhibit D-6. These descriptions would be used to classify each input under the surrogate country tariff schedule, which ConMet argued should be Republic of Türkiye ("Turkey"). *See* Letter from Matthew R. Nicely, Akin Gump Strauss Hauer & Feld LLP, to the U.S. Dep't of Commerce, re: *Comments on Surrogate Values* at 2 (Dec. 5, 2024) ("Shandong ConMet Initial SV Comments").

9.  Then, in its December 5, 2024, Surrogate Value Submission and December 26, 2024 Submission of New Factual Information, ConMet demonstrated no knowledge of what the recarburizing agent actually is and, thus, suggested it should be classified in accordance with its raw material under HTS subheading 2713.12, which is for "Petroleum Coke, Calcined." *See* Shandong ConMet Initial SV Comments at Att. 1, 3 (Dec. 5, 2024); Letter from Matthew R. Nicely, Akin Gump Strauss Hauer & Feld LLP, to the U.S. Dep't of Commerce, re: *Additional Surrogate Value Comments* at 3 (Dec. 26, 2024) ("Shandong ConMet Final SV Comments"). At the same time, Shandong ConMet stated that, as a backup, the Department could classify recarburizing agent as artificial graphite, 3801.10. *Id.* at 3-4.

10. With approximately three weeks left before the preliminary determination, Shandong ConMet still had not provided any description or information about what its recarburizing agent actually is. By that point, Shandong ConMet had simply submitted as part of its Final SV Comments a document published by the Chinese government that described something called "graphitized recarburizer," supposedly another new name for Shandong ConMet's material input. Shandong ConMet Final SV Comments at 3-4, Att. 4. However, no actual details were included about the specifications of its own input.

11. As part of its preliminary determination, the Department valued Shandong ConMet's consumption of recarburizing agent using import data of Turkish Harmonized Tariff Schedule ("HTS") subheading 3801.90 ("Preparations Based On Graphite, Nesoi"). *See* Prelim SV Memo at Attachment 1. Petitioner demonstrated in its earlier rebuttal SV submission that HTS subheading 3801.90 includes articles such as "Carbons in graphitic compounds" and "semi-finished graphite," matching the varied and general information Shandong ConMet provided about the recarburizing agent. *See* Letter from Sydney Mintzer, Mayer Brown LLP, to the U.S. Dep't of Commerce, re: *Rebuttal Comments Regarding Selection of Surrogate Values* at Ex. 2a (Dec. 16, 2024).

12. Following the preliminary determination, Commerce officials completed verification in China of Shandong ConMet's questionnaire responses. There, the Department verified that Shandong ConMet purchased a graphitized product. Memorandum from Samuel Frost, Int'l Trade Compliance Analyst, Office V, to The File, re: *Verification of the Questionnaire Responses of Shandong ConMet Mechanical Co., Ltd. in the Less-Than-Fair-Value Investigation of Certain Brake Drums from the People's Republic of China* at 11 (May 6, 2025). None of the

supporting purchase invoices describe the recarburizing agent as "artificial graphite;" rather they continued to use various vague descriptions. *See id.* at Ex. 10.

13.  Prior to the final determination, Shandong ConMet submitted a case brief arguing for changes to several aspects of the preliminary determination. *See generally* Letter from Matthew Nicely, Akin Gump Strauss Hauer & Feld LLP, to the U.S. Dep't of Commerce re: *Shandong ConMet's Case Brief* (May 15, 2025). One contention it made was that the Department should value Shandong ConMet's consumption of recarburizing agent using Turkish HTS subheading 3801.10, or alternatively, 2713.12, because it claimed that those subheadings best match the physical description and function of the input. *Id.* at 8.

14.  Webb submitted a rebuttal case brief providing extensive arguments that Commerce should affirm its preliminary determination by continuing to value Shandong ConMet's consumption of recarburizing agent using HTS subheading 3801.90. *See* Letter from S. Mintzer, Mayer Brown LLP to the Dep't of Commerce, re: *Non-Scope Rebuttal Brief – Shandong ConMet Mechanical Co., Ltd.* at 2-10 (May 22, 2025).

15.  Commerce issued its affirmative final determination on June 13, 2025. Final Determination at 26013. Commerce announced that it determined it appropriate to use HTS subheading 3801.10 (artificial graphite) instead of subheading 3801.90 (preparations based on graphite) that it used in the preliminary determination. Final IDM at 21. The Department claimed that "the record contains clear evidence that Shandong ConMet uses artificial graphite . . . while containing no evidence that any other material is used." *Id.*

## CLAIM AND BASES FOR RELIEF

## COUNT I

16. Paragraphs 1 – 15 are hereby incorporated by reference.

17. Commerce's final surrogate value selection for Shandong ConMet's consumption of "recarburizing agent" is not supported by substantial evidence. The record does not contain sufficient evidence supporting the classification of the recarburizing agent as "artificial graphite" under HTS subheading 3801.10. Instead, the record contains extensive evidence that the recarburizing agent is properly classified under HTS subheading 3801.90, the subheading Commerce relied on in the preliminary determination. Therefore, the Department's conclusion in the final determination that "the record contains clear evidence that Shandong ConMet uses artificial graphite . . . while containing no evidence that any other material is used" is not supported by substantial evidence and is otherwise not in accordance with law. *See* Final IDM at 21.

## REQUEST FOR JUDGMENT AND RELIEF

27. WHEREFORE, Plaintiff Webb respectfully requests that this Court enter judgment on its claim in Counts I, and:

   a. Hold that a portion of Commerce's final affirmative determination in the antidumping duty investigation of *Certain Brake Drums From the People's Republic of China* is not supported by substantial record evidence, and is otherwise not in accordance with law; and

   b. Remand the final determination to Commerce for a redetermination consistent with the judgment and findings of this Court; and

   c. Grant such other relief in law and equity as this Court may deem just and proper.

Respectfully submitted,

/s/Sydney H. Mintzer

Sydney H. Mintzer
Jacob M. Reiskin
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202)-263-3866

Dated: October 14, 2025        *Counsel to Webb Wheel Products, Inc.*

## CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Rules of the U.S. Court of International Trade, I, Steven Elliott, Mayer Brown LLP, hereby certify that on October 14, 2025, copies of the foregoing Complaint were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested unless otherwise indicated:

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Ave., NW Room 1874
Washington, DC 20230

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW Washington, DC 20530

Matthew R. Nicely, Esq.
Representative of ConMet (Weifang) Mechanical Co., Ltd., ConMet Nanjing Mechanical Co., Ltd., Shandong ConMet Mechanical, Ltd., and ConMet de Mexico S.A. de C.V. , Consolidated Metco, Inc.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006-1037
Phone: 202-887-4046
Email: mnicely@akingump.com

**NOTICE TO INTERESTED PARTIES (Cont.)**

David Craven, Esq.
Representative of Shandong Longji Machinery Co., Ltd
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
Phone: 7737098506
Email: david.craven@tradelaw.com

R. Kevin Williams, Esq.
Representative of DuraParts LLC d.b.a. DuraBrake("DuraBrake"), Hebei Ankesu Import & Export Trade
Co., Ltd.
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
Phone: 312-985-5900
Email: kwilliams@clarkhill.com

John Joseph Kenkel, Esq.
Representative of Shanxi Tangrong Machinery Manufacturing Co., Ltd.
International Trade Law Counselors, PLLC
8647 Richmond Highway
Suite 623
Alexandria, Va. 22309
Phone: 202-390-4064
Email: intltradelawcounselors@outlook.com

Shanshan Liang, Esq.
Representative of Shandong North Autotech Co., Ltd.
The Mooney Law Firm
2104 Delta Way, Unit 1
Tallahassee, FL 32303
Phone: 8508930670
Email: sliang@customscourt.com

Xiaohua Hou
Representative of CAIEC TRAILER MASTER CO., LTD.; QIQIHAR BEIMO AUTO PARTS MANUFACTURING CO., LTD; SHANGHAI WINSUN AUTO PARTS CO., LTD.; Ningbo Qingchen International Trade Co., Ltd.; Qingdao Jasmine International Trade Co., Ltd; SHANDONG HAOXIN CO., LTD.; Hubei Xinxing Quanli Machinery Co., Ltd; SHANDONG HONGMA ENGINEERING MACHINERY CO., LTD; QINGDAO TORDON BRAKE CO., LTD.
Commerce & Finance Law Offices
12-14th Floor, China World Office 2, No. 1 Jianguomenwai Avenue, Beijing 100004, China
Phone: 861065637181
Email: xiaohuahou@tongshang.com
**(via email)**

**NOTICE TO INTERESTED PARTIES (Cont.)**

Lawrence J Bogard
Representative of Motor Wheel LLC, SilverbackHD, Inc. and its affiliate SilverbackHD Holdings, Inc.
Neville Peterson LLP
1310 L Street, NW
Suite 300
Washington, DC 20005
Phone: 202-776-1150
Email: lbogard@npwdc.com

Junlin Wang
Representative of LIAONING HECHUANG CV PARTS MFG CO.
Yingke Law Firm
Floor 19-25, Building 2 of CP Center, No. 20 Jinhedong Road, Chaoyang District, Beijing 100020 China
Phone: +861085199968
Email: wangjunlin@yingkelawyer.com
**(via email)**

Zibo Hu
Henan Board Top Metalwork Ltd.
Room 11016, 11th Floor, Block B, Hanhai Beijing, No. 73, North Third Ring Road, Jinshui District, Zhengzhou, Henan 450000 China
Phone: +1-6469612358
Email: huzibo@topmetalwork.com
**(via email)**