# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WEBB WHEEL PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>and,<br><br>CONSOLIDATED METCO, INC. and SHANDONG CONMET MECHANICAL CO., LTD.,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>and,<br><br>CONSOLIDATED METCO, INC. and SHANDONG CONMET MECHANICAL CO., LTD.<br><br>    Defendant-Intervenor,<br>and,<br><br>WEBB WHEEL PRODUCTS, INC.<br><br>    Consolidated Defendant-Intervenor. | Consol. Ct. No. 25-00207<br>Before Hon. Richard K. Eaton, Senior Judge |

## STATEMENT OF ISSUES

Pursuant to the Court's October 30, 2025 Rule 56.2 Notice, ECF No. 13, Plaintiff and Consolidated Defendant-Intervenor Webb Wheel Products, Inc. provides the following Statement of Issues.

Issue 1: Valuation of Recarburizing Agent

Statement of the Issue: The U.S. Department of Commerce ("Commerce") failed to select an appropriate surrogate value ("SV") for Consolidated Metco, Inc. and Shandong ConMet Mechanical Co., Ltd.'s ("Shandong ConMet") consumption of "recarburizing agent."

Type of Claim, Statutory Provisions Applicable, and Standard of Review:

Legal: When selecting an SV, 19 U.S.C. § 1677b(c)(1) requires Commerce to make a selection "based on the best available information."  Commerce's practice is to select surrogate values that are: (1) publicly available; (2) contemporaneous with the period of investigation; (3) representative of a broad market average; (4) tax and duty exclusive; and (5) specific to the inputs being valued. *Certain Brake Drums from the People's Republic of China*, 90 Fed. Reg. 26011 (Dep't Commerce June 18, 2025), and accompanying Issues and Decision Memorandum at 12 (Dep't Commerce June 13, 2025). The Court should apply the substantial evidence standard and evaluate whether "a reasonable mind could conclude that Commerce chose the best available information" when it selected Harmonized Tariff Schedule ("HTS") 3801.10 instead of 3801.90, the subheading Commerce relied on in the preliminary determination, to value Shandong ConMet's consumption of "recarburizing agent." *See Goldlink Indus. Co. v. United States*, 30 Ct. Int'l Trade 616, 619, (2006); *see also CITIC Trading Co. v. United States*, 27 Ct. Int'l Trade 356, 366 (2003).

<u>Factual:</u> Record evidence does not support Commerce's finding that HTS subheading 3801.10 was specific to Shandong ConMet's consumption of "recarburizing agent," nor that the "recarburizing agent" was artificial graphite. Commerce's determination should be reviewed under the substantial evidence standard.

    Respectfully submitted,

<u>/s/ Sydney H. Mintzer</u>
Sydney H. Mintzer
Jacob M. Reiskin
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3866

*Counsel for Webb Wheel Products, Inc.*

Dated: January 5, 2026

3